1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10   TAVAION SOWELL,                          )   1:14-cv-00187-MJS (HC)
                                              )
11            Petitioner,                     )
                                              )
12       v.                                   )   ORDER TRANSFERRING CASE TO THE
                                              )   UNITED STATES DISTRICT COURT FOR THE
13   ELVIN VALENZUELA,                        )   CENTRAL  DISTRICT OF CALIFORNIA
                                              )
14            Respondent.                     )
                                              )
15   _____         )

16

17        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action

18   pursuant to 28 U.S.C. § 2254.

19        Petitioner has submitted motions to proceed in forma pauperis and for a temporary

20   retraining order. The motions have been not been ruled on by this Court.

21        The federal venue statute requires that a civil action, other than one based on

22   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if

23   all defendants reside in the same state, (2) a judicial district in which a substantial part of the

24   events or omissions giving rise to the claim occurred, or a substantial part of the property that

25   is the subject of the action is situated, or  (3) a judicial district in which any defendant may be

26

27                                            1

28

1  found, if there is no district in which the action may otherwise be brought." 28 U.S.C.
2  § 1391(b).

3       In a habeas matter, venue is proper in either the district of conviction or the district of
4  confinement.  28 U.S.C. § 2241(d).  In this case, it is unclear if Petitioner challenges his
5  underlying conviction or events occurring while incarcerated. The Court notes that based on
6  allegations made in Petitioner's motion for a temporary restraining order, it appears that he
7  may be challenging an administrative decision to transfer Petitioner out of state. Petitioner is
8  currently housed at California Men's Colony prison located in the Central District of
9  California.

10      Venue for a habeas action is proper in either the district of confinement or the district
11 of conviction.  28 U.S.C. § 2241(d).  The district court for the district wherein such an
12 application is filed in the exercise of its discretion and in furtherance of justice may transfer
13 the application to the other district court for hearing and determination. Id.

14      It is preferable for petitions challenging a conviction or sentence to be heard in the
15 district of conviction while petitions challenging the manner in which the sentence is being
16 executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th
17 Cir. 1989). In this case, Petitioner has not provided information regarding the district of
18 conviction, and is currently confined in California Men's Colony prison located in the Central
19 District of California. See 28 U.S.C. § 84. Therefore, the petition should have been filed in the
20 United States District Court for the Central District of California. In the interest of justice, the
21 petition will be transferred to the United States District Court for the Central District of
22 California. 28 U.S.C. §§ 1404(a) and 2241(d).

23 ///
24 ///
25 ///
26 ///
27                                            2
28

1       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

2  States District Court for the Central District of California.

3

4

5  IT IS SO ORDERED.

6

7     Dated:    __February 25, 2014__       __/s/ *Michael J. Seng*__

                                             UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                     3

28